

**Signed: August 29, 2008**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                       No. 08-43774
                                            Chapter 13
SIKWAYI YVONNE KAYO,                        R.S. No. SPB 20

            Debtor.
_____/

**MEMORANDUM OF DECISION**

BMW Bank of North America ("Movant") filed a motion for relief from the automatic stay so that it might repossess a 2004 BMW vehicle owned by Sikwayi Yvonne Kayo ("Debtor"). A hearing on the motion was held on August 29, 2008 at 11:00 a.m. Debtor's counsel appeared and argued that Debtor was not in default post-petition because Movant's claim was included in her plan and no direct post-petition payments were required. The Court took the matter under submission and its decision follows.

Section 1326(a)(1) provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount- ...(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is

attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief." The debtor must also tender payments to the trustee in the amount proposed by the plan, reduced by the amount paid directly to creditors, and provide the trustee with evidence of direct payments to creditors. 11 U.S.C. § 1326(a)(1)(A)(C).

Because more than thirty days have passed since Debtor's petition was filed, Debtor must make post-petition payments directly to Movant. The Court will condition continuation of the automatic stay on Debtor paying all post-petition arrears to Movant by September 3, 2008, and remaining current thereafter until Debtor's Chapter 13 plan is confirmed. If the Trustee is holding plan payments in excess of the amounts required under this provision, the Trustee is authorized to release the funds in question directly to the Movant.

Movant is directed to submit the proposed form of order in accordance with this decision.

END OF DOCUMENT

```
 1                          COURT SERVICE LIST

 2    Darya Sara Druch
      One Kaiser Plaza, Ste. 480
 3    Oakland, CA 94612

 4    Stephen P. Brunner
      115 Sansome Street, Suite 1200
 5    San Francisco, CA 94104

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```